**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

John Brassell
Assistant U.S. Attorney
John.Brassell@usdoj.gov
(541) 776-3564
*Reply to Medford Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

FILED'24 MAY 13 13:33USDC-ORM

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 23, 2024

Justin Rosas
110 West 11th Street
Medford, OR 97501

Re:   *United States v. Andrew Miles Devos*, Case No. 1:20-cr-00426-MC
      Amended Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**: Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and plead guilty to Count 1 of the Superseding Information, which charges possession with the intent to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

3.   **Penalties**: The maximum sentence of 40 years' imprisonment, a mandatory minimum sentence of five years' imprisonment, a fine of $5,000,000, five years' supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.   **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Justin Rosas
Re: Devos Amended Plea Agreement Letter
Page 2

5.      **Elements and Factual Basis**:  In order for defendant to be found guilty of Count 1 of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly possessed a controlled substance; and

Second, defendant possessed the controlled substance with the intent to distribute it to another person.

Defendant admits the elements of the offense alleged in Count 1 of the Superseding Information and agrees the following facts are true, can be proved beyond a reasonable doubt, and are sufficient to support his plea of guilty to Count 1 of the Superseding Information:

On or about January 8, 2020, in the District of Oregon, defendant agreed to sell a confidential informant approximately 3.5 grams of methamphetamine.  As defendant approached the predetermined buy location, officers arrested defendant on pending state warrant.  Inside the trunk of defendant's vehicle, officers recovered a backpack containing approximately 84 grams of methamphetamine, a Ruger P95 9mm pistol, 14 rounds of 9mm ammunition, several small baggies, and a digital scale.

6.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(c)(5) is a Base Offense Level of 30, prior to adjustments.  The parties have no agreement as to defendant's criminal history.

8.      **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

Justin Rosas
Re: Devos Amended Plea Agreement Letter
Page 3

9. **Sentencing Recommendations**: As long as defendant demonstrates an acceptance of responsibility as explained above, the government will recommend a sentence of 120 months' imprisonment followed by a five-year term of supervised release. Defendant agrees not to seek a sentence lower than 87 months' imprisonment.

10. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

11. **Firearm Enhancement**: The parties jointly agree that a two-level, upward adjustment applies for defendant's possession of a firearm pursuant to USSG § 2D1.1(b)(1).

12. **"Safety Valve" Adjustment**: The parties agree that defendant does not meet the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence or two-level reduction in offense level pursuant to USSG § 2D1.1(b)(18).

13. **Additional Departures, Adjustments, or Variances**:

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below 87 months' imprisonment.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

Justin Rosas
Re: Devos Amended Plea Agreement Letter
Page 4

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18. **Forfeiture Terms**:

   A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982, 18 U.S.C. § 2253, or other forfeiture statute, including a Ruger P95 DC 9mm firearm, 14 rounds of 9mm ammunition, and 50 rounds of CCI Ammunition, which defendant admits were used to facilitate defendant's criminal activity in violation of Title 21, United States Code, Section 841(a)(1) as set forth in Count 1 of the Superseding Information.

   B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

   C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim

Justin Rosas
Re: Devos Amended Plea Agreement Letter
Page 5


or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

        D.      **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

        E.      **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

        F.      **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

19.      **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

Justin Rosas
Re: Devos Amended Plea Agreement Letter
Page 6

20. **Deadline**: This plea offer expires if not accepted by March 8, 2024, at 5:00 p.m.

                Sincerely,

                NATALIE K. WIGHT
                United States Attorney


                JOHN C. BRASSELL
                Assistant United States Attorney

      I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

5/10/24                                                   Andrew Devos
Date                                                          Defendant

      I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5/10/24                                                     Justin M. Rosas
Date                                                          Attorney for Defendant